ANTHONY SMART vs. THE TOWN OF JOHNSTON.

Towns in their corporate capacity have, under Pub. Stat. R. I. cap. 64, no power to lay out, alter, or establish highways, and no power to control the town council in doing these things.

In laying out, altering, or establishing highways under Pub. Stat. R. I. cap. 64, town councils are public officers, and not servants of the town. Hence towns are not liable for the unauthorized acts of the town councils in these matters.

BILL IN EQUITY for an injunction and an account. On demurrer to the bill.

*July* 9, 1892. PER CURIAM. The court is of the opinion that the demurrer should be sustained.

The bill is brought against the town of Johnston to restrain it from proceeding to lay out, establish, and open a certain public highway therein; for an account as to damages already done; and for general relief. But it does not show that said town in its corporate capacity has taken any steps in the matter of the lay-out and other proceedings complained of, but on the contrary it shows that all of said proceedings have been taken by the town council of said town, their officers and servants.

And it is clear that, under the provisions of Pub. Stat. R. I. cap. 64, a town in its corporate capacity has no power to lay out, alter, or establish a highway, but that such power is conferred exclusively upon the town council, and that over their action in this matter the town has no control, and cannot be held responsible at any rate for their unauthorized acts. *Donnelly* v. *Tripp*, 12 R. I. 97. Moreover, town councils are not the agents, nor the servants, of the various towns which they represent, in the ordinary legal meaning of that term, in the laying out of highways, but they are public officials, forming an important part of the government, and clothed with certain well-defined powers, and charged with certain well-defined duties by the statute law of the State. For any abuse of these powers, and for any failure in the performance of these duties, they are liable like any other public officials.

The complainant, therefore, has no ground upon which to base this suit, the party who caused the damage complained of, accord-

ing to his own showing, being the town council of said town, its officers and servants, and not the town itself.

                                        *Demurrer sustained.*

*Ambrose Feely*, for complainant.

*Andrew B. Patton*, for respondent.